## 3995.   DAVIS, *alias* KING, *v.* THE STATE.

POTTLE, J.  1. An attorney appointed by the judge of the superior court of the Eastern judicial circuit, to act as solicitor-general pro tempore during the absence ·of the regular incumbent of that office, has full power and authority to perform all the duties devolving upon the solicitor-general, including those imposed upon him as ex-officio solicitor of the city court of Savannah, when the judge of the latter court fails to exercise the power, conferred upon him by the law creating the court, to designate an . attorney to act during the absence of the solicitor-general.

2. The right of an attorney to act as solicitor in the city court of Savannah, where he appears as such by permission of the court· and without objection from one against whom a criminal accusation has been filed, can not for the first time be brought in question after conviction.

3. A criminal accusation in the city court of Savannah must be drawn up by the prosecuting officer, but need not be supported by a precedent affidavit.  McDonnell's Code of Savannah, 426; *Wright* v.. *Davis,* 120 *Ga.* 670 (4) (48 S. E. 170).

4. The evidence fully authorizes the verdict, and no error of law appears.

*Judgment affirmed.*

DECIDED APRIL 2, 1912.

Accusation of keeping lewd house; from city court of Savannah —Judge Davis Freeman.  December 21, 1911.

*Robert L. Colding,* for plaintiff in error.

*Walter C. Hartridge, solicitor-general, Morris H. Bernstein,* contra.

---

## 3996.   POWELL *v.* THE STATE.

HILL, C. J.  This case is controlled by the decision of this court in *Adams* v. *State,* 10 *Ga. App.* 801 (74 S. E. 95).          *Judgment reversed.*

DECIDED APRIL 2, 1912.

Accusation of cheating and swindling; from city court of Dub· lin—Judge Hicks.  January 20, 1912.·

*Burch & Burch,* for plaintiff in error.

*George B. Davis, solicitor,* contra.