## 52250. MARTIN v. THE STATE.

CLARK, Judge.

Defendant was charged by accusation with driving under the influence of alcohol. He was convicted in his trial before a jury and now appeals. *Held:*

1. Defendant correctly argues that the absence of an affidavit, upon which an accusation must be based, rendered the criminal proceedings null and void. "A valid affidavit is essential to support an accusation and without such an affidavit the whole trial is a nullity." *Chauncey v. State,* 129 Ga. App. 207, 208 (199 SE2d 391). The great Logan Bleckley described the situation in this colorful language: "A valid affidavit being wanting, the bottom is knocked out of the case. It is a tub with only staves and hoops, and will hold nothing." *Scroggins v. State,* 55 Ga.

380, 382. Accordingly, the judgment must be reversed.

2. The trial judge correctly refused to suppress the results of the blood alcohol test. The arresting officer testified that immediately after the blood test was administered, defendant was informed of his right to have another test performed at certain named hospitals or by a person of his own choosing. The requisites of Code Ann. § 68A-902.1, as elucidated in *Nelson v. State,* 135 Ga. App. 212 (217 SE2d 450), were clearly satisfied here.

3. Defendant made a motion for a directed verdict of acquittal at the conclusion of the prosecution's case. "In reviewing the overruling of a motion for a directed verdict the proper standard to be utilized by the appellate court is the 'any evidence' test. [Cit.] Applying that standard to the evidence in this case, we find that the trial court did not err in overruling the motion for directed verdict." *Mitchell v. State,* 236 Ga. 251, 257 (223 SE2d 650).

4. Defendant's remaining enumerations are without merit and do not warrant discussion.

*Judgment reversed. Bell, C. J., and Stolz, J., concur.*

SUBMITTED JUNE 7, 1976 — DECIDED JUNE 11, 1976.

*Guy B. Scott, Jr.,* for appellant.
*Ken Stula, Solicitor,* for appellee.