## 54968. MADDOX v. THE STATE.

SHULMAN, Judge.

Appellant was found guilty of driving under the influence. He received a probated sentence of 12 months and was fined $400. This appeal follows.

1. Appellant, citing *Martin v. State,* 139 Ga. App. 8 (1) (228 SE2d 15), urges that the absence of an affidavit, upon which an accusation must be based, rendered the criminal proceedings null and void.

Appellant's reliance is misplaced. *Martin,* supra, involved the application of a local Act governing the institution of criminal cases in the State Court of Clarke County. See Ga. L. 1879, pp. 291, 297, Sec. XXXII. That Act requires "written accusations setting forth plainly the offense charged, founded on affidavit, containing the name of the accuser, and signed by the Solicitor of said City Court." In the case at bar, Ga. L. 1937, pp. 1184, 1186, Section 10 (repealed and superseded by Ga. L. 1977, pp. 3331, 3335, Section 10, which re-enacted the former provision virtually verbatim) governs. According to its terms, criminal cases instituted in the State Court of Gwinnett County shall be by written accusation based upon affidavit, ". . . but the solicitor may, in his discretion, make such accusation and proceed to trial thereon without affidavit as the basis therefor."

Since the proper legal procedure was followed, the criminal proceeding was not a nullity because of the absence of an affidavit. See, e.g., *Underwood v. State,* 30 Ga. App. 257 (1) (117 SE 668); *Davis v. State,* 11 Ga. App. 10 (3) (74 SE 442). See also *Wright v. Davis,* 120 Ga. 670 (4) (48 SE 170).

2. Appellant made a motion to dismiss the accusation based on the state's alleged failure, on demand, to comply with Code Ann. § 27-1403. The trial court denied this motion after granting a continuance. Appellant contends the denial constituted reversible error. We disagree.

"Noncompliance with provisions of this statute by the state does not entitle a defendant to a directed verdict of acquittal [or dismissal of the accusation]. His available remedies are for a continuance or a mistrial." *Hunnicutt v.*

*State,* 135 Ga. App. 774, 775 (219 SE2d 22).

The defendant had ample opportunity to interview witnesses prior to trial. He, in fact, concedes that a witness list was received at least three months prior to trial. Accordingly, this enumeration is without merit. See generally *Huff v. State,* 141 Ga. App. 66 (1) (232 SE2d 403).

*Judgment affirmed. Bell, C. J., and Birdsong, J., concur.*

SUBMITTED JANUARY 16, 1978 — DECIDED MARCH 9, 1978.

*T. J. Moore,* for appellant.
*Gary L. Davis, Solicitor,* for appellee.