## 55777. YOUNG v. THE STATE.

DEEN, Presiding Judge.

The defendant was tried and convicted of abandonment of his minor child in the State Court of DeKalb County (formerly the Civil Court of DeKalb County). The evidence shows that he ceased paying child support under a divorce decree in December, 1976, after his wife's remarriage; that he signed a consent to adoption

prepared by her lawyer in favor of her new husband and the adoption proceeding was filed in March or April; that the parties later separated, however, and the petition was dismissed in July, 1977; that nothing has been paid except for $100 paid since this suit was filed, although some funds have been paid into court in another pending garnishment action. The defense on the merits of the case contends that under these circumstances the defendant was justified in believing that the adoption proceeding had resulted in severance of his obligations. *Held:*

1. The evidence, although contradictory in some aspects, is sufficient to support a finding that the defendant was not misled into believing that his signature on a consent to adopt relieved him of his duties of support.

2. The defendant filed a notice to produce seeking to obtain from the state certain evidence properly in the possession of the prosecutrix or other third parties. *State v. Haynie,* 240 Ga. 866 (242 SE2d 713) (1978), overruling the Court of Appeals case in reliance on which the appellant acted, holds that while a motion to produce may be filed and served on the state, such a motion will not reach material which is not in the state's possession. Thus, a defendant in a criminal case cannot make the office of the solicitor or district attorney its agent in ferreting out evidence which it does not possess and which would constitute a search and seizure of third persons involved only as victims of the crime.

3. After conviction the defendant filed what is in effect a motion in arrest of judgment on the ground that the accusation preferred against him was void as not supported by an affidavit. Several cases have stated or assumed an affidavit is a necessary base for an accusation: *Scroggins v. State,* 55 Ga. 380 (1875); *Smith v. State,* 63 Ga. 168 (1) (1879); *Flanders v. State,* 9 Ga. App. 820 (1) (72 SE 286) (1911); *Gilbert v. State,* 17 Ga. App. 143 (86 SE2d 415) (1915); *Chauncey v. State,* 129 Ga. App. 207 (2) (199 SE2d 391) (1973); *Rogers v. State,* 133 Ga. App. 513 (211 SE2d 373) (1974); *Martin v. State,* 139 Ga. App. 8 (228 SE2d 15) (1976). We have examined these cases and find them correct on their facts in that they were either appealed from county or justice of the peace courts having

local legislation which required that the accusation be based on an affidavit, or they were based on early Code sections since repealed, in particular § 229 of the Code of 1882 (and prior enactments) which allowed accusations framed by the county judge and based on affidavits where no indictment was demanded by the defendant. The Code of 1895 and subsequent Codes dropped this language. While most county courts still required that the accusation be based on an affidavit, certain enabling legislation in other Acts creating local courts eliminated this requirement, in which cases the affidavit was held not essential. See, e.g., *Davis v. State,* 11 Ga. App. 10 (3) (74 SE 440) (1912) (City Court of Savannah); *Underwood v. State,* 30 Ga. App. 257 (1) (117 SE 668) (1923) (City Court of Miller County); *Maddox v. State,* 145 Ga. App. 212 (1978) (State Court of Gwinnett County). The present case is from the State Court of DeKalb County (formerly the Civil Court), which provides that misdemeanor prosecutions shall be by written accusation based on affidavit but "the solicitor or assistant solicitor, in his discretion may make such accusation and proceed to trial thereon without an affidavit as the basis therefor." Ga. L. 1956, pp. 3137, 3140. In *Wright v. Davis,* 120 Ga. 670, 676 (48 SE 170) (1904), the only case we have found to raise the question of due process in this regard, it was held: "There is no constitutional provision which prevents the legislature, when creating a city court, from providing for the trial of misdemeanor cases therein upon an accusation signed by the prosecuting officer of the court, unsupported by a precedent affidavit." This enumeration is without merit.

4. (a) Hearsay may be admissible to explain conduct and ascertain motive. The court did not err in allowing the defendant to state that he didn't think he was supposed to continue paying child support after he signed the adoption agreement, or in disallowing a further statement by the defendant that his attorney and the attorney for his former wife "agreed that I should stop paying." Indeed, it does not even appear that this alleged agreement was made in the defendant's presence, or that either attorney was offered as a witness to show its existence. The excluded testimony was inadmissible as

sheer hearsay.

(b) We have sent for certain requests to charge which were denied by the trial court, and have examined them. Insofar as the rulings thereon are argued by the defendant they contend that the defendant's consent to adoption by another constituted a defense to the action. One of the requests is similar to language in *Barrow v. State,* 87 Ga. App. 572 (74 SE2d 467) (1953), which holds, however, that whether or not the parties agree between themselves to relieve the father of his duty of support, the duty still remains, "although such agreement should be considered by the jury in determining whether or not the father's acts constituted a wilful and voluntary abandonment." This ruling depends upon whether evidence of an agreement to cease support was entered into by the parties, and, as above stated, no admissible evidence to establish that fact was offered. Accordingly, it was not error to deny the request for instructions.

*Judgment affirmed. Smith and Banke, JJ., concur.*

ARGUED MAY 1, 1978 — DECIDED MAY 17, 1978— REHEARING DENIED JUNE 9, 1978 — 

*Wayne M. Purdom,* for appellant.
*John R. Thompson, Solicitor, William E. Mumford, Assistant Solicitor,* for appellee.