## 34654. BICKLEY v. THE STATE.

Undercofler, Presiding Justice.

We are asked to instruct the Court of Appeals concerning the following certified questions: (1) "In all misdemeanor cases which may be prosecuted in superior court, in which the district attorney has the authority to prefer accusations, does Code § 27-704 as amended, which is silent on the subject, require that the accusation be supported by affidavit?" and (2) "Does § 27-704 as

amended apply to those courts falling within the provisions of the State Court Act of 1970 (Ga. L. 1970, pp. 679, 680; Code Ann. Ch. 24-21A)?" We answer both questions in the affirmative.

1. "The power to try misdemeanors is conferred by statute, with the specified waiver by the accused; but the trial must be upon accusation founded upon affidavit. Affidavit is essential, and if the instrument treated by the court and the parties as an affidavit be void, there is no foundation for the proceedings; the whole trial is a nullity . . ." *Scroggins v. State,* 55 Ga. 380, 382 (3) (1875); *Martin v. State,* 139 Ga. App. 8 (1) (228 SE2d 15) (1976); *Faulkner v. State,* 146 Ga. App. 604, 606-607 (2) (247 SE2d 147) (1978).

2. The procedure authorized in Code Ann. § 27-704 for hearing charges tried upon accusations would also be applicable to state courts where pertinent. See the "State Court Act"[1] (Ga. L. 1970, pp. 679-682, p. 681, Sec. 8; Code Ann. § 24-2107a).

*Certified questions answered in the affirmative. All the Justices concur.*

SUBMITTED MARCH 2, 1979 — DECIDED APRIL 6, 1979.

*Judson R. Knighton,* for appellant.

*Herbert A. Rivers, Solicitor, Stephen Schuster, Assistant Solicitor,* for appellee.

*Judgment affirmed. All the Justices concur.*

---

[1]This Act is entitled "Practice and Procedure, etc., in Certain Courts Below Superior Court Level."