## 57657. MORRIS v. THE STATE.

BIRDSONG, Judge.

Appellant Morris was charged with the offense of theft by taking (shoplifting). The state rested its case upon an accusation in which the supporting affidavit was

left completely blank. Appellant moved orally to dismiss the accusation for lack of a valid affidavit. The trial court in findings of fact and conclusions of law acknowledged the absence of a properly executed affidavit accompanying the accusation but concluded that a legally sufficient affidavit was a part of the arrest warrant and that the warrant affidavit was sufficient to support the accusation. See *Dickson v. State,* 62 Ga. 583, 589; *Durrett v. State,* 135 Ga. App. 749, 750 (1) (219 SE2d 9). Appellant Morris obtained a certificate of immediate review and upon timely petition to this court, a motion for an interlocutory appeal was granted. *Held:*

Our search of the record in this case shows that on its face the accusation was filed in the State Court of Clayton County on August 21, 1978. The accompanying affidavit is completely blank. Included as a part of the record before this court is an arrest warrant which does include a properly executed affidavit. However, the face of that document indicates that it was never filed in the State Court of Clayton County.

The order of the state court in its findings of fact indicated that the accusation was supported by the affidavit on the original justice of the peace warrant, which, however, was not introduced into evidence. In its findings of fact, the trial court did not indicate that the warrant for arrest was attached to and a part of the accusation or a part of the records of the court.

We are at a loss to ascertain how the trial court could satisfy itself that a sufficiently explicit affidavit supported the accusation where the record does not show that the arrest warrant was filed with the court or that it was attached to and a part of the accusation itself. This confusion is accentuated where the trial court affirmatively stated that the document containing the properly executed affidavit was not presented to the trial court as an exhibit. At best, we would conclude that the arrest warrant was included as a part of the solicitor's file. However, we find a total lack of evidence that what was available to the solicitor was ever presented to the court.

Ga. L. 1964, pp. 2032, 2041, Sec. 29 provides: "The defendant in criminal cases in Civil and Criminal Court of Clayton County shall be tried on written accusation

settling forth plainly the offense charged, founded upon the affidavit by the prosecutor and signed by the solicitor or solicitor pro tem, of said county . . ."

There being no valid affidavit signed by the prosecutor in support of the accusation, the trial court erred in denying the oral motion to dismiss the accusation. *Smith v. State,* 140 Ga. App. 339 (1) (231 SE2d 91); *Willoughby v. State,* 137 Ga. App. 789 (1) (225 SE2d 65). See *Bickley v. State,* 243 Ga. 488.

*Judgment reversed. Quillian, P. J., and Smith, J., concur.*

ARGUED APRIL 5, 1979 — DECIDED MAY 3, 1979.

*Jay W. Bouldin,* for appellant.
*William E. Frey, Solicitor, Leonard Cohen, Solicitor pro hac vice,* for appellee.