## 56571. BICKLEY v. THE STATE.

UNDERWOOD, Judge.

This is another in a lengthening series of cases involving the necessity and sufficiency of the affidavit upon which an accusation must be based for a valid prosecution in the State Court of Cobb County. The appellant, Bickley, was charged by affidavit with driving under the influence of alcohol. She was convicted in her trial before a jury and now appeals contending, *inter alia,* that the accusation by which she was charged was broader than the affidavit upon which it was based and should have been quashed by the trial court.

Ga. L. 1964, pp. 3211, 3216 provides that "[a]ll prosecutions in criminal cases instituted in the Civil and Criminal Court of Cobb County shall be by written accusation made by the solicitor or assistant solicitor, based upon affidavit setting forth plainly the offense charged in terms of law, upon which shall be entered the name of the prosecutor." The Civil and Criminal Court of Cobb County became the State Court of Cobb County pursuant to the State Court Act (Ga. L. 1970, p. 679, Code Ann. Ch. 24-21A) which also provides that "the rules of practice and procedure that are applicable to the superior courts of this state shall be the rules which govern practice and procedure of the courts which come under the provisions of this Act." (p. 681.)

In a quest for clarity with respect to the role of an affidavit, this court certified to our Supreme Court the following questions: "First, in all misdemeanor cases which may be prosecuted in superior court, in which the district attorney has authority to prefer accusation, does

Code Ann. § 27-704, as amended, require that the accusation be supported by affidavit? Secondly, does § 27-704, as amended, apply to those courts falling within the provisions of the State Court Act of 1970 (Ga. L. 1970, p. 679, Code Ann. Ch. 24-21A)?" Both questions were answered in the affirmative. *Bickley v. State,* 243 Ga. 488 (255 SE2d 31) (1979).

"Affidavit is essential, and if the instrument treated by the court and the parties as an affidavit be void, there is no foundation for the proceeding; the whole trial is a nullity . . ." *Bickley v. State,* supra, p. 489. *Scroggins v. State,* 55 Ga. 380 (1875); *Martin v. State,* 139 Ga. App. 8 (228 SE2d 15) (1976); *Faulkner v. State,* 146 Ga. App. 604 (247 SE2d 147) (1978). In this case the affidavit referred to in the accusation and upon which its legal efficacy purportedly rests recites the affiant's statement that the defendant did on the date given and in Cobb County "commit the offense(s) of Misdemeanor, and that the facts contained in the within and foregoing *accusation are true and correct and incorporated as the basis for this affidavit.*" (Emphasis supplied.) There follows as part of the same printed form document the accusation which sets forth the offense with a reasonable degree of particularization. Under this practice, can it logically be argued that the accusation is "based upon affidavit setting forth plainly the offense charged in terms of law" as required by statute? On the contrary, the facts in the accusation are, as the affidavit plainly says, "incorporated as the basis for this affidavit." This is a semantical bootstrap procedure and our acceptance of it would reduce the affidavit to a mere technical formality to be implemented immediately subsequent to the preparation of the accusation.

We therefore find that an affidavit which sets forth only that the defendant has committed the offense of misdemeanor and purports to incorporate by reference the substance of an accusation does not serve as the basis for an accusation and does not comport with Code Ann. § 27-103.1 which requires that an affidavit include a "statement describing the offense" and expresses the general intent that "the defendant shall be informed of the specific charge against him and of all basic pertinent

particulars pertaining thereto." *Faulkner v. State,* supra.

It is not our intention here to burden solicitors of state courts with the burden of including in affidavits an unreasonable degree of particularization with respect to the offense charged. But where, as here, there is a statutory requirement it is essential that an accusation be based upon an affidavit, not necessarily artfully drawn nor one reaching for precision of language, but rather one "setting forth plainly the offense charged in terms of law." Ga. L. 1964, p. 3216. The affidavit before us in this case did not meet this requirement.

*Judgment reversed. McMurray, P. J., and Banke, J., concur.*

ARGUED SEPTEMBER 20, 1978 — DECIDED JULY 12, 1979.

*Spence & Knighton, Judson R. Knighton,* for appellant.

*Herbert A. Rivers, Solicitor, Larry W. Yarbrough, J. Stephen Shuster, Assistant Solicitors,* for appellee.