57875. HOLLAND v. THE STATE.

CARLEY, Judge.

On September 20, 1978, appellant was issued a traffic citation charging him with driving under the influence. On January 11, 1979, appellant was tried without a jury. The state rested its case upon the standard accusation which was signed by the solicitor. Neither the traffic citation nor any supporting affidavits were introduced into evidence. Appellant made an oral motion to dismiss on the grounds that the form affidavit, appearing on the same printed sheet with the standard accusation, was completely blank and unsigned. The court denied appellant's motion, concluding that "the laws creating the State Court of Clayton County Georgia [do] not require an affidavit to be attached." Although the record indicates that appellant was found guilty of the offense charged, it appears that execution of the sentence

is being withheld, since the trial judge certified for direct appeal the order denying the motion to dismiss. Since, under these circumstances, there is no "final" judgment in the case, appellant applied for permission to file an interlocutory appeal from the order denying his motion to dismiss. Appellant's application was granted so that we could determine if the procedure utilized was satisfactory under applicable general and local laws and interpretative appellate decisions.

1. This case was tried in the State Court (formerly the Civil and Criminal Court) of Clayton County. The operative local Act, Ga. L. 1964, pp. 2032, 2041, Section 29, provides: "The defendant in criminal cases in said [court] shall be tried on a written accusation setting forth plainly the offense charged, found upon the affidavit by the prosecutor and signed by the solicitor or solicitor pro tem, of said county, provided that the solicitor of said [court], if it comes to his knowledge that a misdemeanor has been committed in the County of Clayton and no person comes forth or forward to prosecute same, said solicitor shall sign up an accusation charging the offender with such misdemeanor and trial thereon shall be the same as on an accusation sworn out by a person who is a prosecutor . . ." The state urges that the intent of this local Act is to give the solicitor of the State Court of Clayton County the authority, under certain circumstances, to proceed by accusation without the requirement that it be founded upon an affidavit — if knowledge of a misdemeanor comes to him and no one comes forward to prosecute. It is urged that the accusation in the instant case may be sustained under this interpretation of the local Act.

In *Bickley v. State,* 243 Ga. 488 (255 SE2d 31) (1979), the Supreme Court, in response to a certified question by this court, held that in all misdemeanor cases which may be prosecuted in superior court, Code Ann. § 27-704 requires that the accusation be supported by affidavit. It was further held that the requirement that accusations be supported by affidavits is applicable to state courts, citing Code Ann. § 24-2107 (a), ". . . [t]he rules of practice and procedure that are applicable to the superior courts of this State *shall be* the rules which govern practice and

procedure of the courts which come under the provisions of this [State Court Act]." (Emphasis supplied.) Thus the Supreme Court's decision in *Bickley* makes the supporting affidavit requirement applicable to the state courts through the State Court Act, Ga. L. 1970, pp. 679, 681, Section 8.

Therefore, the local Act applicable here and quoted above is inconsistent with the supporting affidavit requirement insofar as it would allow the solicitor to proceed without such an affidavit. The State Court Act provides: "The provisions of this Act are not intended to repeal any local Act creating a court which comes within the provisions of this Act. However, in all those cases in which there is a conflict between the provisions of this Act and such local Acts, this Act shall take priority and be controlling." Ga. L. 1970, pp. 679, 682, Section 13; Code Ann. § 24-2112(a). It, therefore, follows that the state's argument that the local Act does not require an accusation be supported by affidavit is not sustainable in view of the Supreme Court's holding that such an affidavit is essential by virtue of Ga. L. 1970, pp. 679, 681, Section 8.

2. "While the state contends that the prosecution could have rested upon traffic citations without affidavits as provided for by the Uniform Traffic Citation and Complaint Form (Code Ann. §§ 92A-2701, 92A-2704), the prosecution in fact rested upon standard accusations, and the law with respect to accusation controls. [Cits.]" *Smith v. State,* 140 Ga. App. 339 (1) (231 SE2d 91) (1976). The trial court found in the instant case that neither the traffic citation nor any supporting affidavits were introduced into evidence. It was error to deny appellant's motion to dismiss, which was based upon the absence of an affidavit. *Morris v. State,* 149 Ga. App. 793 (256 SE2d 134) (1979).

3. In the case at bar, as in *Smith,* supra, the state rested solely on the standard accusation and not upon the uniform traffic citation and complaint form pursuant to Code Ann. § 92A-2701 et seq. It is to be observed, however, that nothing in *Smith* would prohibit the state from resting its case upon either an accusation or the uniform traffic citation or *both.* "Except for offenses tried in the superior courts, all other courts having jurisdiction of the

offense *shall proceed* with the adjudication of the offenses contained within the complaint *without the necessity of filing an indictment or other accusation in order to bring the accused to trial."* Code Ann. § 92A-2702. (Emphasis supplied.) The rationale of *Smith* is thus limited to those cases in which the state does not rest its case in whole or at least in part upon the uniform traffic citation and complaint form.

*Judgment reversed. Deen, C. J., and Shulman, J., concur.*

ARGUED MAY 8, 1979 — DECIDED SEPTEMBER 5, 1979.

*Jay W. Bouldin,* for appellant.
*William E. Frey, Solicitor, Leonard Cohen,* for appellee.