59623. PATTERSON v. THE STATE.

SMITH, Judge.
We affirm appellant's burglary conviction.
1. During jury selection, appellant's counsel attempted to ask the panel the following question: "If there is any conflict in the evidence between the testimony of a police officer and any other witness, is there anyone on the panel that would tend to give more weight and credence to the testimony of a police officer, simply because he is a police officer?" The trial court, however, did not allow the question. Appellant moved for a mistrial "based upon improper limiting of voir dire." The trial court denied the motion.
Appellant contends the trial court's refusal to allow the question requires reversal. This contention is controlled adversely to appellant by *Bennett v. State,* 153 Ga. App 210 (264 SE2d 688) (1980).
2. In his second enumeration of error, appellant asserts that the trial court erred in granting the state's motion to quash appellant's notice to produce. Most of the items requested, appellant concedes, are not subject to a notice to produce. However, it is argued that the notice "did ... address itself to other types of tangible evidence which was relevant and clearly ought to be within the intended scope of *Ga. Code Ann.* § 38-801 (g). For instance, a request was made for 'any and all photographs, charts, fingerprint cards, latent fingerprints, molds or casts of fingerprints, tire tracks pertaining to the charges against Defendant' as well as 'the results, reports and summaries of any forensic, scientific or other tests, examinations or studies of any tangible items made in connection with this case, along with the original data and notes thereof on which the reports are based, specifically including, although not necessarily limited to: laboratory results of tests done on any physical evidence submitted to the State of Georgia for analysis or identification.' "
Even assuming an accused may "utilize Code Ann. § 38-801 (g)

to obtain tangible evidence" (see *Haynie v. State,* 141 Ga. App. 688, 692 (234 SE2d 406) (1977), reversed in *State v. Haynie,* 240 Ga. 866 (242 SE2d 713) (1978); *Goldsmith v. State,* 148 Ga. App. 786, 787 (252 SE2d 657) (1979)), a notice to produce "will not reach material which is not in the state's possession." *Young v. State,* 146 Ga. App. 167, 168 (245 SE2d 866) (1978).

The prosecution's motion to quash states that "the items described in [the notice to produce] are not extant." See *Rini v. State,* 236 Ga. 715, 717-718 (225 SE2d 234) (1976); *Echols v. State,* 149 Ga. App. 620, 625 (255 SE2d 92) (1979). Appellant has made no showing to the contrary. We conclude that the trial court did not err in granting the motion to quash.

3. Appellant contends the trial court erred in denying his Brady motion. We cannot agree. Appellant "did not request that the court make an in camera inspection of the state's file to determine if there was anything in it favorable to [him]." *Houser v. State,* 234 Ga. 209, 213 (214 SE2d 893) (1975). Moreover, "appellant has the burden of showing how his case has been materially prejudiced, even when the trial court declines to make an in camera inspection . . ." *Street v. State,* 237 Ga. 307, 316 (227 SE2d 750) (1976); *Watts v. State,* 141 Ga. App. 127, 128 (232 SE2d 590) (1977). Appellant has not attempted to satisfy this burden in the instant case.

4. In his final enumeration of error, appellant asserts that the trial court erred in denying appellant's motion for directed verdict of acquittal. This assertion is meritless.

Since there is no direct evidence of burglary in the instant case, the evidence must be such as to exclude every reasonable hypothesis save that of the guilt of the accused. *Wood v. State,* 147 Ga. App. 232 (248 SE2d 337) (1978). In our view, the evidence meets this standard.

Appellant was observed at the burglarized premises, prying on the front door and "peeking around the corner of the house." Upon being spotted, appellant fled, first on foot, then in his automobile. A high speed chase ensued. Police officers were notified of the burglary and joined the chase, with blue lights flashing and sirens sounding. Appellant "evidently lost control" of his automobile and ran into a ditch. A police officer testified that at the time of appellant's arrest, appellant stated that he cut his hand when he broke a window.

The back door of the burglarized premises had been "broken out." Bloodstains were found inside the home. Items of value, such as a television set and a radio had been placed near the back door. The items had previously been in their "proper place." As the victim testified: "My t.v. set was in my living room on a night stand, my radio was by my bed on a nightstand."

Notwithstanding appellant's contentions to the contrary, we

believe the evidence was sufficient to exclude every reasonable hypothesis save that of appellant's guilt. See *Wood v. State,* supra.
*Judgment affirmed. McMurray, P. J., and Banke, J., concur.*

ARGUED MARCH 12, 1980 — DECIDED
JUNE 16, 1980—

*Michael C. Garrett,* for appellant.
*Richard E. Allen, District Attorney, G. Larry Bonner, James W. Purcell, Assistant District Attorneys,* for appellee.