## 60315. JOHNSON v. THE STATE.

SMITH, Judge.

Appellant was convicted of rape. He contends the trial court erred in admitting certain items into evidence. We find no reversible error and affirm the conviction.

1. Appellant asserts that the trial court erred in admitting a photograph of two paper sacks, two fish sandwiches, a bag of oatmeal cookies and a honeybun because 1) no proper foundation was laid and 2) it was irrelevant. We cannot agree.

The victim testified that, shortly before the rape, she had ordered two fish sandwiches, a bag of oatmeal cookies and a honeybun from a local take-out sandwich shop. These items were placed in paper sacks. The victim was carrying these sacks when she was confronted by the perpetrator. She testified that subsequent to the rape, the perpetrator took these items, as well as her pocketbook. The victim admitted that she did not actually see the perpetrator take these items because "he told me not to look back [and] . . . I didn't." A police officer testified that two fish sandwiches, a bag of oatmeal cookies and a honeybun were found in two paper sacks during a search of appellant's residence. These items were then photographed. The officer testified that, at the time of the search, appellant "said he didn't know where they came from." Appellant denied having said this. He testified that he bought the items on Friday (the day of the rape), but did not eat them because "I got a twelve pack and sat down and started drinking with my neighbor and I didn't get hungry . . . I got too high." The search of appellant's residence took place on Sunday. Appellant identified the photograph as the "sandwiches and cookies I had at my house."

In our view, the state laid a sufficient foundation for the introduction of the photograph. "The quantum of evidence required to sufficiently identify photographs as true and accurate representations of what they purport to depict is a matter to be left within the discretion of the trial court." *Johnston v. State,* 232 Ga. 268, 270 (1) (206 SE2d 468) (1974); *Tenant v. State,* 151 Ga. App. 891, 893 (262 SE2d 204) (1979). We find no abuse of discretion in admitting the photograph.

Contrary to appellant's assertions, the photograph was relevant evidence. The photograph was but a visual representation of the police officer's testimony regarding the items found at appellant's residence. Clearly, if this testimony was relevant, there was no error in admitting the photograph.

We believe the officer's testimony, viewed in conjunction with that of the victim, was relevant circumstantial evidence which the

jury was authorized to use in determining whether appellant had committed the rape. "When facts are such that the jury, if permitted to hear them, may or may not make an inference pertinent to the issue, according to the view which they may take of them, in connection with the other facts in evidence, they are such that the jury ought to be permitted to hear them. *Walker v. Roberts,* 20 Ga. 15 (1) (1856); *Brown v. Wilson,* 55 Ga. App. 262 (1) (189 SE 860) (1937) . . . The evidence here objected to was admissible as to [a] circumstance from which an inference of identity might fairly and logically be drawn. See *Garner v. State,* 83 Ga. App. 178, 184 (63 SE2d 225) (1951)." *Harris v. State,* 142 Ga. App. 37, 41 (234 SE2d 798) (1977); *Patterson v. State,* 154 Ga. App. 877, 878 (270 SE2d 86) (1980).

2. Appellant also contends that the trial court erred in admitting into evidence a box-cutter knife found during the search of appellant's residence. Even assuming appellant is correct in this assertion, we hold that any error was harmless. In view of the direct and circumstantial evidence in this case, including the victim's positive identification of appellant as the perpetrator and the testimony referred to in Division 1 of this opinion, "it is highly probable that the error [if any] did not contribute to the jury's verdict." *Johnson v. State,* 238 Ga. 59, 61-62 (230 SE2d 869) (1976).

*Judgment affirmed. McMurray, P. J., and Banke, J., concur.*

ARGUED JULY 2, 1980 — DECIDED NOVEMBER 7, 1980.

*Johnny B. Mostiler,* for appellant.
*Johnnie L. Caldwell, Jr., District Attorney, J. David Fowler, Paschal A. English, Jr., Assistant District Attorneys,* for appellee.