## 64903. HOPE v. THE STATE.

BANKE, Judge.

Appellant was sentenced to 20 years' imprisonment following conviction of the armed robbery of two bank employees. The persons from whom the $75,000 (primarily in 10's and 20's) was taken positively identified appellant both from photographic arrays and from a line-up. Other witnesses testified that three days prior to the robbery they had seen him at the bank, which was not located near his home or work place and at which he had no account. There was also testimony that on the day of the robbery appellant had paid $2,000 in 10's and 20's for a van and that on the following day he had been one of three persons present when an $11,000 Cadillac, paid for in 10's and 20's, was purchased in appellant's father's name.

Appellant was tried jointly with his older brother, who had also been seen at the bank three days prior to the robbery and had also been identified as a participant in the purchase of the Cadillac. The brother was found not guilty. In bringing this appeal, appellant enumerates three errors. Two concern admission of evidence of the purchase of the Cadillac and the court's instruction to the jury not to consider this evidence against the co-defendant. The third enumeration is that the court erred in admitting the statement of the co-defendant, uttered spontaneously during booking at the Atlanta police station four days after the robbery, to the effect that he had permitted matters to go awry because of his inability to "control Keith (appellant)." *Held:*

1. Admission of evidence of the purchase of the Cadillac was not harmful error, nor was the court's instruction that the jury was not to consider this as evidence against the co-defendant. Any evidence is relevant which tends to prove or disprove a material fact that is at issue. *Chambers v. State,* 154 Ga. App. 620, 627 (269 SE2d 42) (1980); *Harris v. State,* 142 Ga. App. 37 (234 SE2d 798) (1977). The Cadillac

transaction's proximity in time to the robbery, the mode of payment, and the apparent familial relationship among the parties to the negotiations for the purchase all tend to establish a connection between appellant and the robbery. Such evidence is admissible as a circumstance from which an inference associating appellant with the crime may fairly and logically be drawn. *Johnson v. State,* 156 Ga. App. 359, 360 (274 SE2d 744) (1980); *Sprouse v. State,* 242 Ga. 831, 833 (252 SE2d 173) (1979). Although the court's instruction that this evidence was admissible only against appellant may have conferred a gratuitous benefit on the co-defendant, it was clearly admissible against appellant. If the instruction was erroneous, then, the error was harmless to appellant. See Dutton v. Evans, 400 U. S. 74 (91 SC 210, 27 LE2d 213) (1970).

2. Admission of the co-defendant's extrajudicial statement was not reversible error. Appellant contends that introduction of the statement offends the confrontation clause of the Sixth Amendment and Ga. Code Ann. § 38-414 and is contrary to the holdings in Dutton v. Evans, supra, and Bruton v. United States, 391 U. S. 123 (88 SC 1620, 20 LE2d 476) (1968). Because the co-defendant did not take the stand, appellant contends that he was deprived of his right to cross-examine.

The statement to which appellant takes exception was made during the booking of the co-defendant, who had turned himself in to Atlanta police. He stated, "I f . . . [expletive] up. Everything would have been all right if I could have controlled Keith," and added that his automobile had been broken into and as a result "someone at . . . [the housing project where it was parked] has a lot of money." The prosecution offered outside the jury's hearing to delete the reference to appellant (see *Depree v. State,* 246 Ga. 240 (271 SE2d 155) (1980)), but co-defendant's counsel objected. The court ruled, over objection by appellant's counsel, that the entire statement must be admitted both as a spontaneous declaration and as the admission of a co-conspirator during the pendency of the conspiracy.

Appellant appears to be correct in his contention that the statement does not qualify as a declaration by a co-conspirator during the pendency of a criminal project or during the subsequent period of concealment, which under Code Ann. § 38-306 is admissible. *Smith v. State,* 236 Ga. 5 (222 SE2d 357) (1976). If a conspiracy ever existed in this case, it would have been terminated, at least relative to the co-defendant, when he revealed his participation in the criminal project by turning himself in, thus rendering the statement inadmissible, pursuant to Code § 38-414, against anyone but himself. We must conclude, however, that any error in admitting the statement was harmless under the circumstances of this case.

Dutton v. Evans, supra, sets forth two criteria for reversible error resulting from admission of a statement by a co-defendant not subject to cross-examination: (1) The statement must be "crucial" to the state's case, and (2) it must be "devastating" to the case for the defendant. Neither criterion is met here. In view of the other evidence against appellant, both direct and circumstantial, the statement could hardly have been crucial to the state's proof but was merely cumulative. For the same reason, the statement could not reasonably be said to have been devastating to the case for the defendant. Under the circumstances, "it is highly probable that the error did not contribute to the jury's verdict." *Johnson v. State,* 238 Ga. 59, 61 (230 SE2d 869) (1976).

*Judgment affirmed. McMurray, P. J., and Birdsong, J., concur.*

DECIDED NOVEMBER 5, 1982 —
REHEARING DENIED DECEMBER 6, 1982 — 

*Tony L. Axam,* for appellant.
*Lewis R. Slaton, District Attorney, J. Wallace Speed, Joseph J. Drolet, Assistant District Attorneys,* for appellee.