## 68163. WHEAT v. THE STATE.

Sognier, Judge.

Appellant was convicted of homicide by vehicle in the second degree. On appeal he contends the trial court erred (1) by denying his motion to allow his expert to examine, test and photograph the deceased's automobile; (2) by denying appellant's demurrer to the indictment; and (3) by charging the jury on homicide by vehicle, second degree.

This case arose after a vehicle driven by Damon King crested a hill on a two-lane road and struck an oversized mobile home being hauled by a vehicle driven by appellant. King was killed as a result of the accident and appellant was indicted and tried for homicide by vehicle, first degree, on September 28-30, 1983. He was found guilty of homicide by vehicle, second degree.

1. Appellant contends it was error to deny his pre-trial motion to allow his expert witness to examine, test and photograph the deceased's automobile because it denied appellant access to possibly exculpatory evidence which was both critical to his defense and subject to varying expert opinion. In this regard, on March 30, 1983 appellant filed a Notice to Produce Physical Evidence pursuant to the provisions of Code Ann. § 38-801 (g) (now OCGA § 24-10-26) in which he moved the trial court for an order requiring the State to produce King's 1965 Ford Mustang automobile. Such a motion is authorized under that code section in criminal cases. *Brown v. State*, 238 Ga. 98, 101 (231 SE2d 65) (1976); *Wilson v. State*, 246 Ga. 62, 64 (1) (268 SE2d 895) (1980).

In his motion to produce appellant alleged that the automobile was owned by the estate of the deceased, and was located at Baxter's Auto Parts in Gordon County, Georgia. Appellant did not allege that the property was in the possession, control or custody of the State, and we find no evidence to that effect. In *Young v. State*, 146 Ga. App. 167, 168 (2) (245 SE2d 866) (1978), we held that a motion to produce will not reach material which is not in the State's possession, and a defendant in a criminal case cannot make the office of the district attorney its agent in ferreting out evidence which it does not possess. See also *Gibson v. State*, 150 Ga. App. 718 (2) (258 SE2d 537) (1979). Thus, absent a showing that the automobile was in the State's possession, custody or control, it was not error to deny appellant's motion to produce.

2. Appellant contends it was error to deny his demurrer to the indictment, because it failed to charge appellant with any crime against the State of Georgia. Appellant argues that the accident was caused by failure of the driver of the escort vehicle to be in front of the mobile home, and any omission to act was the omission of a third

party, not an omission on the part of appellant. This contention is without merit.

Rule 672-2-.03 (a), Rules of the State Department of Transportation, provides that any person receiving a permit certifies that he will comply with the conditions governing operation of the permitted vehicle; any violation done intentionally or due to gross negligence is unlawful. The same Rule provides that he (the applicant for a permit) will comply with the applicable laws and regulations of the State of Georgia. Rule 672-2-.06 requires the use of front and rear escorts for the mobile home appellant was moving, and makes use of such escorts a condition to issuance of the permits. These rules are directed to the applicant for a permit, and it is the *applicant* (appellant here) who certifies that he will comply with the applicable laws and regulations; failure to do so is unlawful. The indictment was based on appellant's gross negligence by operating an oversized vehicle without providing a front escort vehicle for the mobile home, in reckless and careless disregard for the safety of the travelling public. In short, it was *appellant's* failure to provide a front escort vehicle as required by his permit which was alleged to have caused the death of King. Under the rules cited above, a failure to comply with the rules through the applicant's gross negligence constitutes an unlawful act. Accordingly, it was not error to deny appellant's demurrer to the indictment.

3. Appellant contends it was error to charge the jury on homicide by vehicle, second degree, based on appellant's driving on the wrong side of the road, because he had a valid permit allowing the oversized mobile home he was moving to extend over the centerline into the oncoming traffic lane. OCGA § 40-6-393 (b) provides: "Any person who causes the death of another person, without an intention to do so, by violating any provision of this title [OCGA § 40-1-1 et seq.] other than Code Section 40-6-271, 40-6-390, 40-6-391, or subsection (a) of Code Section 40-6-395 commits the offense of homicide by vehicle in the second degree when such violation is the cause of said death . . ." The code sections excepted in this definition relate to deaths resulting from reckless driving, driving with ability impaired by alcohol or drugs, failing to render aid to a person injured in the accident, and deaths occurring while fleeing from a police officer, and are not applicable to the facts of the instant case. As we have discussed in Division 2, the death of King allegedly resulted from appellant's failure to provide a front escort, as required by his permit. Hence, appellant's actions fall squarely within the definition of homicide by vehicle in the second degree, and it was proper for the trial court to charge on this offense. Whether appellant was in compliance with the conditions of his permit was a question of fact for determination by the jury.

*Judgment affirmed. McMurray, C. J., and Deen, P. J., concur.*

Decided June 26, 1984 —
Rehearing denied July 11, 1984 — 

F. Gregory Melton, Marcus R. Morris, Timothy H. Allred, for appellant.

Darrell E. Wilson, District Attorney, Mickey R. Thacker, Assistant District Attorney, for appellee.