A90A0389. SHULTS v. THE STATE.
(394 SE2d 573)

McMURRAY, Presiding Judge.

Defendant was charged, via an "amended" accusation, with driving "a moving vehicle while under the influence of alcohol to the extent that it was less safe for [her] to drive." The case was tried before a jury on March 22 and 23, 1989, and the evidence revealed the following:

At about 4:00 in the afternoon on September 5, 1988, Deputy Charles Britt of the Spalding County Sheriff's Department responded to an accident call. When Deputy Britt arrived at the scene, he observed a vehicle in a ditch on the wrong side of the road. Defendant

was standing with another woman in the ditch outside the vehicle. Both women stated that defendant had been driving the vehicle.

Deputy Britt approached the women and noticed a strong odor of alcohol. He also noticed that the women were steadying themselves against the disabled vehicle. The deputy then looked in the car and saw "some wine coolers" and a "fifth" of vodka. The bottle of vodka was "three-quarters . . . gone" and as Deputy Britt helped defendant out of the ditch, he became aware that his support was essential to keep defendant on her feet. In fact, after defendant had reached the road, the deputy "had to hold onto her to keep her from falling back into traffic. . . ." Deputy Britt suspected that defendant had been driving while intoxicated so he advised defendant of her options under Georgia's Implied Consent law. Defendant agreed to submit to a State administered breath test, but she later refused to take the test. Defendant was found guilty and this appeal followed the denial of her motion for new trial. *Held*:

1. In her first enumeration, defendant contends the trial court erred in failing to quash the accusation.

Deputy Britt issued a uniform traffic citation and charged defendant under OCGA § 40-6-391 (a) (4), i.e., driving with an alcohol concentration of .12 grams or more. On March 14, 1989, an amended accusation was filed charging defendant under OCGA § 40-6-391 (a) (1), i.e., driving a motor vehicle while under the influence of alcohol to the extent that it is less safe for the person to drive. The amended accusation recited that it was predicated upon the affidavit of Deputy Britt. An examination of the record does not reveal Deputy Britt's affidavit.

Defendant argues that the State's failure to produce Deputy Britt's affidavit is fatal to the accusation. Defendant also argues that the amended "accusation could not completely change [the] charge [as alleged in the uniform traffic citation] to a new crime without being based on a valid affidavit." These arguments are without merit.

" 'Since 1980 an accusation "need not be supported by an affidavit except in those cases where the defendant has not been previously arrested in conjunction with the transaction charged in the accusation and the accusation is to be used as the basis for the issuance of a warrant for the arrest of the defendant." Ga. L. 1980, pp. 452, 453 (now OCGA § 17-7-71 (a)); see *Evans v. State*, (168 Ga. App. 716, 717 (310 SE2d 3) (1983)).' *King v. State*, 176 Ga. App. 137, 138 (2) (335 SE2d 439) (1985), overruled on other grounds, *Copeland v. White*, 178 Ga. App. 644 (344 SE2d 436) (1986)." *Manley v. State*, 187 Ga. App. 773, 774 (2) (371 SE2d 438). In the case sub judice, there is no question that defendant was arrested in conjunction with the transaction charged in the accusation. Consequently, Officer Britt's affidavit was not critical to support the charge of the amended accusation.

Next, defendant argues that she was "without appropriate notice . . ." of the "whole new" charge of the amended accusation.

First of all, defendant had more than ample time to prepare for trial under the charge of the amended accusation. The amended accusation was filed eight days before trial. Further, OCGA § 17-7-71 (f) vests the prosecuting attorney with authority to amend the accusation prior to trial. This Code subsection also provides that, "[o]n motion, the court shall grant the defendant a continuance which is reasonably necessitated by an amendment." An examination of the trial transcript shows that defendant did not move for a continuance based on the "whole new" charge of the amended accusation. Consequently, defendant cannot complain for the first time on appeal that she was "without appropriate notice . . ." of the charge of the amended accusation. See *Fatora v. State*, 185 Ga. App. 15, 17 (2) (363 SE2d 566). This argument presents nothing for review.

Finally, defendant challenges that portion of the amended accusation which provides as follows: "That [defendant] of said county, *is guilty of the offense of misdemeanor. . . .*" (Emphasis supplied.) Defendant argues that the emphasized "phrase presupposes guilt [and caused] the confusion of the jury and prejudice. . . ." We do not agree.

The trial court informed the jury that "the accusation is no evidence of this defendant's guilt. You should not consider the accusation as evidence or implication of guilt. Neither is the plea of not guilty to be considered by you as evidence. This defendant is presumed to be innocent until proven guilty. The defendant enters upon the trial of the case with the presumption of innocence in her favor. This presumption surrounds her and protects her until it is overcome by the State with evidence which is sufficient to convince you beyond a reasonable doubt as to the guilt of the accused." In light of these instructions, we find it highly unlikely that the language of the amended accusation confused the jury or prejudiced defendant. (See OCGA § 17-7-71 (d) for recommended accusation form.) This enumeration is without merit.

2. In her second enumeration, defendant contends the trial court erred in failing to require compliance with her OCGA § 24-10-26 notice to produce.

An examination of the record shows that defendant filed a broadly drafted notice to produce. Immediately before trial, a hearing on the notice to produce was conducted. The trial court examined the State's file and found no exculpatory information. The State's file was then opened to defense counsel and, after examining the State's file, defense counsel complained of the State's failure to produce police "case reports and summaries." The State's attorney stated that the police reports were not in his file and showed that no police reports

would be used by the State at trial. Defense counsel argued that the police "case reports and summaries" were easily accessible to the State and, without specificity, argued that the reports were relevant to defendant's case.

First, "a notice to produce 'will not reach material which is not in the state's possession.' *Young v. State*, 146 Ga. App. 167, 168 (245 SE2d 866) (1978)." *Patterson v. State*, 154 Ga. App. 877 (2), 878 (270 SE2d 86). In the case sub judice, the police "case reports and summaries" were not in the State's file and defendant failed to show how the production of these documents would have materially affected her case. Consequently, the trial court's refusal to compel production of the police summaries and reports was not error.

3. Next, defendant contends "[t]he trial court should have suppressed any reference to [her] alleged refusal to take an intoximeter test." This contention is without merit.

"In any criminal trial, the refusal of the defendant to permit a chemical analysis to be made of his blood, breath, urine, or other bodily substance at the time of his arrest shall be admissible in evidence against him." OCGA § 40-6-392 (c). The evidence shows that defendant was properly advised of her options under Georgia's Implied Consent law and that she opted not to take the State administered breath test. Evidence of defendant's refusal to submit to the test was admissible.

4. In her final enumeration, defendant challenges the sufficiency of the evidence.

Defendant admitted that she had been driving the wrecked vehicle. Deputy Britt testified that defendant smelled of alcohol and that defendant was unsteady on her feet. This evidence, evidence that defendant refused to take the State administered breath test and evidence showing that alcoholic beverages were in defendant's vehicle was more than sufficient to authorize the jury's finding that defendant was guilty beyond a reasonable doubt of operating a motor vehicle while under the influence of alcohol to an extent which rendered her a less safe driver. See OCGA § 40-6-391 (a) (1); *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

*Judgment affirmed. Carley, C. J., and Sognier, J., concur.*

DECIDED MAY 4, 1990.

*Virgil L. Brown & Associates, Virgil L. Brown*, for appellant.
*John T. Newton, Jr., Solicitor*, for appellee.