A90A1528. THE STATE v. SCOGGINS.
(397 SE2d 50)

DEEN, Presiding Judge.

On October 18, 1989, appellee Scoggins was charged by accusation with simple battery, OCGA § 16-5-23. His trial began April 25, 1990, but after the close of the evidence and before the case was submitted to the jury, the trial judge sua sponte entered an order dismissing the charges and declaring the case "a nullity because the State failed to attach an affidavit to the accusation as is required . . . [by] OCGA § 17-7-71." The State moved for expedited appeal, and we granted the motion May 22, 1990.

The cited statute provides as follows: "In all misdemeanor cases in superior, state, or county courts, the defendant may be tried upon an accusation framed and signed by the prosecuting attorney of the court. The accusation need not be supported by an affidavit except in those cases where the defendant has not been previously arrested in conjunction with the transaction charged in the accusation and where the accusation is to be used as the basis for the issuance of a warrant for the arrest of the defendant." According to the record, defendant/appellee in the instant case had not been arrested prior to the filing of the accusation, and the State was not seeking to use the accusation as

the basis for seeking issuance of an arrest warrant.

Scrutiny of the cases cited by the trial court in its order indicates that these cases do not support the court ruling below. *Bickley v. State*, 243 Ga. 488 (255 SE2d 31) (1979), was decided under Ga. Code Ann. § 27-704, now OCGA § 17-7-70. The same is true of *Martin v. State*, 139 Ga. App. 8 (228 SE2d 15) (1976). Both of these cases were decided before the enactment of OCGA § 17-7-71 in 1980. In *Shults v. State*, 195 Ga. App. 525 (394 SE2d 573) (1990), this court noted: "Since 1980 an accusation need not be supported by an affidavit except in those cases where the defendant has not been previously arrested in conjunction with the transaction charged in the accusation and the accusation is to be used as the basis for the issuance of a warrant for the arrest of the defendant." See also *Military Circle Pet Center No. 94 v. State*, 181 Ga. App. 657 (353 SE2d 555) (1987), which is cited in the trial court's order but which actually provides no support for the court's ruling.

We find that the trial court erred as a matter of law in holding that the applicable statute requires that an affidavit accompany the accusation in the fact situation of the instant case.

*Judgment reversed. Pope and Beasley, JJ., concur.*

DECIDED SEPTEMBER 4, 1990.

*Gerald N. Blaney, Jr., Solicitor, David M. Fuller, Assistant Solicitor*, for appellant.
*Greene & Davis, H. Darrell Greene*, for appellee.