## A93A0120. BLANKENSHIP v. THE STATE.
(431 SE2d 481)

BLACKBURN, Judge.

On June 6, 1991, following his investigation of an automobile collision that occurred the day before, a DeKalb County police officer issued to the appellant uniform traffic citations for following too closely and for leaving the scene of an accident. The police officer did not witness the collision, did not sign the arresting officer's certification on the citations, and did not take the appellant into custody. The case was subsequently bound over from the Recorder's Court of DeKalb County to the State Court of DeKalb County.

On October 23, 1991, a formal accusation was filed, charging the appellant with following too closely in violation of OCGA § 40-6-49, and leaving the scene of an accident in violation of OCGA § 40-6-270.

The appellant agreed to a bench trial, which was conducted on January 29, 1992, and resulted in convictions on both charges. At the close of the state's case, the appellant moved to dismiss the charges based upon the insufficiency of the accusation. This appeal concerns the denial of that motion.

The appellant's sole contention on appeal is that the October 1991 accusation was invalid because it was not supported by an affidavit, as required under *Bickley v. State*, 243 Ga. 488 (255 SE2d 31) (1979) and *Martin v. State*, 139 Ga. App. 8 (228 SE2d 15) (1976). However, "[b]oth of these cases were decided before the enactment of OCGA § 17-7-71 in 1980. In *Shults v. State*, 195 Ga. App. 525 (394 SE2d 573) (1990), this court noted: 'Since 1980 an accusation need not be supported by an affidavit except in those cases where the defendant has not been previously arrested in conjunction with the transaction charged in the accusation and the accusation is to be used as the basis for the issuance of a warrant for the arrest of the defendant.' " *State v. Scoggins*, 196 Ga. App. 781, 782 (397 SE2d 50) (1990).

In the instant case, as in *Scoggins*, the appellant was not arrested for the charged offenses, and the accusation was not intended or used as the basis for the issuance of a warrant for the appellant's arrest. Accordingly, no affidavit supporting the accusation filed against the appellant was required under OCGA § 17-7-71 (a), and the trial court properly denied the appellant's motion to dismiss.

*Judgment affirmed. Johnson and Smith, JJ., concur.*

DECIDED MAY 25, 1993.

*Spruell & Dubuc, Billy L. Spruell, Brian M. Dubuc*, for appellant.

*Ralph T. Bowden, Jr., Solicitor, Bradley R. Malkin, Andrew W. Lohn, W. Cliff Howard, Assistant Solicitors*, for appellee.