A93A1685. THE STATE v. LITZ.
(435 SE2d 724)

Johnson, Judge.

After a preliminary hearing, the magistrate court ordered that the arrest warrant for Robert Litz on a charge of simple battery against his wife be dismissed. Thereafter, the State filed a simple battery accusation against Litz based on the same charge. The trial court dismissed the accusation, finding that because the arrest warrant for Litz was dismissed by the magistrate court "there was no warrant upon which to base the accusation . . . any accusation drawn on a warrant that has been dismissed is invalid." The State appeals, arguing that the trial court erred in dismissing the accusation.

The trial court's ruling is erroneous because there is no requirement that a misdemeanor accusation be based on an arrest warrant. In fact, in all misdemeanor cases the defendant may be tried upon an accusation framed and signed by the prosecuting attorney and the accusation does not have to be supported by an affidavit unless the accusation is to be used as the basis for the issuance of an arrest warrant. OCGA § 17-7-71 (a); *State v. Scoggins*, 196 Ga. App. 781 (397 SE2d 50) (1990); *Shults v. State*, 195 Ga. App. 525, 526-527 (1) (394 SE2d 573) (1990). Here, the accusation was framed and signed by the solicitor and did not have to be supported by an affidavit because there is no evidence that the State is attempting to use the accusation as the basis for the issuance of an arrest warrant. The accusation complies with OCGA § 17-7-71 (a), and is not invalid simply because the prior arrest warrant was dismissed.

Moreover, "[a] dismissal of charges based upon lack of probable cause does not bar the subsequent indictment and trial of a defendant on the same charges. The decision of the committing court settles nothing as to the guilt or innocence of the defendant." (Citations and punctuation omitted.) *Boyce v. State*, 184 Ga. App. 578 (1) (362 SE2d 229) (1987). In the instant case, it is not clear that the magistrate actually made a finding of lack of probable cause. Nonetheless, even if we assume that the magistrate dismissed the charges due to lack of

probable cause, the State still is not barred from subsequently accusing and trying him on the same charge. The trial court erred in dismissing the accusation.

*Judgment reversed. McMurray, P. J., and Blackburn, J., concur.*

DECIDED SEPTEMBER 8, 1993.

*Gerald N. Blaney, Jr., Solicitor,* for appellant.
*Harrison & Harrison, G. Hughel Harrison, Samuel H. Harrison,* for appellee.