A94A1389. MINICUCCI v. THE STATE.
(448 SE2d 34)

McMURRAY, Presiding Judge.

Defendant was charged via uniform traffic citation with the offense of driving under the influence. A jury found him guilty and he appeals. *Held:*

1. In his first enumeration, defendant contends the trial court erred in failing to grant his oral motion to quash and dismiss the traffic citation. He argues that the traffic citation was defective under OCGA § 17-4-23 (a) because it did not list the names of Coweta County Sheriff's Deputies Jai Robertson and Errol Johnson, the off-duty law enforcement officers who had personal knowledge of the facts leading to his arrest.

OCGA § 17-4-23 (a) provides in pertinent part: "Whenever an arresting officer makes an arrest concerning the operation of a motor vehicle based on information received from another law enforcement officer who observed the offense being committed, the citation shall list the name of each officer and each must be present when the charges against the accused person are heard." The provisions of this Code section are unrelated to the substantive elements of any traffic

misdemeanor charged in a uniform traffic citation. Rather, the interest protected by the requirement that certain law enforcement witnesses be identified on the traffic citation is a criminal defendant's "reasonable pretrial 'access to evidence,' (see *California v. Trombetta*, 467 U. S. 479, 485 (II) (104 SC 2528, 81 LE2d 413) (1984))[.]" *Bentley v. State*, 210 Ga. App. 862, 863 (2) (a) (438 SE2d 110) (interpreting OCGA § 17-7-110). " 'Noncompliance with [the] provisions of this statute by the state does not entitle a defendant to a directed verdict of acquittal (or dismissal of the accusation). His available remedies are for a continuance or a mistrial.' *Hunnicutt v. State*, 135 Ga. App. 774, 775 (219 SE2d 22)." *Maddox v. State*, 145 Ga. App. 212 (2) (243 SE2d 636). In the case sub judice, defendant did not claim unfair surprise from the testimony of the unlisted law enforcement officers nor did he seek a continuance or a mistrial. Assuming that Deputies Robertson and Johnson should have been identified on the traffic citation, nevertheless the failure of the issuing officer to do so did not render the traffic citation void. Accordingly, the trial court did not err in overruling defendant's oral motion to quash. *Maddox v. State*, 145 Ga. App. 212 (2), supra.

2. In his second enumeration, defendant contends the trial court erred in granting the prosecution's motion for a continuance and in denying his motion to dismiss for want of prosecution, arguing that a continuance was unwarranted because the absent prosecution witnesses had not been subpoenaed.

"All applications for continuances are addressed to the sound legal discretion of the court and, if not expressly provided for, shall be granted or refused as the ends of justice may require." OCGA § 17-8-22. Where the time has expired for a defendant to demand his statutory right to a speedy trial, OCGA § 17-8-21 provides in pertinent part, "a continuance shall not be granted to the state, except upon a reasonable showing therefor." See *Blevins v. State*, 113 Ga. App. 702 (149 SE2d 423). "The grant of a continuance . . . rests within the sound discretion of the trial court and will not be reversed on appeal absent a showing of abuse. [Cits.]" *Stephens v. State*, 196 Ga. App. 29 (1) (395 SE2d 353). The absence of a material witness for the state is a reasonable showing within the meaning of OCGA § 17-8-21. *Griggs v. State*, 35 Ga. App. 663 (2) (134 SE 333). In the case sub judice, the record shows that at least one of the two absent law enforcement witnesses for the state had been issued a subpoena. Consequently, the trial court did not abuse its discretion in granting the state a one-hour postponement due to the absence of this material witness. The denial of defendant's motion to dismiss for want of prosecution is not supported by citation of authority or argument and so this portion of defendant's enumeration is deemed to be abandoned pursuant to Court of Appeals Rule 15 (c) (2). *Gaston v. State*, 211 Ga.

App. 116, 117 (4) (438 SE2d 107).
*Judgment affirmed. Pope, C. J., and Smith, J., concur.*

DECIDED AUGUST 3, 1994 —
RECONSIDERATION DENIED AUGUST 18, 1994 —

*Saia, Richardson & Meinken, Joseph J. Saia*, for appellant.
*John H. Cranford, Solicitor*, for appellee.