A02A2378. COCHRAN v. THE STATE.
(575 SE2d 901)

Mikell, Judge.

On April 16, 1999, Lynda Cochran was charged by accusation with four counts of simple battery, based on incidents that took place between April 19 and 20, 1997, in which Cochran allegedly harmed an elderly female resident of the nursing home where she was employed. An affidavit in support of the accusation, signed by Detective Charles Snyder of the Athens-Clarke County Police Department, was filed on April 26, 1999. An arrest warrant was issued on that same day, and Cochran surrendered on April 27. She was released on $2,000 bond.

Cochran moved to dismiss the accusation on the ground that it was barred by the statute of limitation, because the supporting affidavit was not filed within two years of the alleged incidents giving rise to the charges. After hearing the argument of counsel, the court denied the motion and issued a certificate of immediate review. This Court denied Cochran's application for interlocutory appeal.

A jury trial was held on June 8, 2000. At the close of the state's case, the trial court granted a directed verdict of acquittal on Counts 3 and 4 of the accusation. The jury returned a guilty verdict on Counts 1 and 2. Cochran was sentenced to 12 months probation and was fined $1,250. After the denial of her motion for new trial, she filed the present appeal, arguing that the trial court erred in denying her motion to dismiss the accusation based on the statute of limitation. We affirm the conviction.

Cochran was charged with the simple battery of a person over the age of 65, which is a misdemeanor. OCGA § 16-5-23 (a), (b), (c). OCGA § 17-3-1 (d) provides that "[p]rosecution for misdemeanors must be commenced within two years after the commission of the crime." According to OCGA § 16-1-3 (14), a prosecution commences with the filing of an accusation. The accusation in this case was filed on April 16, 1999; therefore, the prosecution commenced within the two-year statute of limitation.

We disagree with Cochran's argument that the court erred in denying her motion to dismiss because the supporting affidavit was

filed six days after the statute of limitation expired. OCGA § 17-7-71 (a) requires a supporting affidavit only in misdemeanor cases where the accusation is to be used as the basis for the issuance of an arrest warrant. See *State v. Litz*, 210 Ga. App. 200 (435 SE2d 724) (1993); *Blankenship v. State*, 208 Ga. App. 710, 711 (431 SE2d 481) (1993); *State v. Scoggins*, 196 Ga. App. 781 (397 SE2d 50) (1990). Cochran has failed to cite a single case holding that OCGA § 17-7-71 (a) requires that an affidavit in support of a misdemeanor accusation be filed within the statute of limitation or that the affidavit be filed contemporaneously with the accusation, and our research reveals none. Further, that provision makes no reference to a statutory time limit. The state commenced prosecution of Cochran by filing the accusation within the two-year statute of limitation in compliance with OCGA §§ 16-1-3 (14) and 17-3-1 (d). In order to obtain an arrest warrant based on the accusation, it filed a supporting affidavit pursuant to OCGA § 17-7-71 (a).* Accordingly, the trial court did not err in denying Cochran's motion to dismiss.

*Judgment affirmed. Andrews, P. J., and Phipps, J., concur.*

DECIDED JANUARY 9, 2003.

*Timmons, Haggard & Carney, John W. Timmons, Jr.*, for appellant.

*Ralph W. Powell, Jr., Solicitor-General*, for appellee.