## 65223. CORNELL v. THE STATE.

SHULMAN, Chief Judge.

Appellant was convicted in 1974 of armed robbery. He failed to appear for the last day of the trial and was not apprehended until 1980. In a habeas corpus proceeding filed after appellant's capture, the trial judge ruled that the original sentence was void and, as a consequence, appellant's time for an appeal had not run. This appeal follows resentencing.

1. In his first enumeration of error, appellant complains of the denial of a motion to suppress any evidence of a lineup or any in-court identification by the victim. We find no error.

Appellant's complaint that counsel was not present at the pre-indictment lineup is controlled adversely to him by *Brown v. State,* 161 Ga. App. 729 (1) (288 SE2d 866). Nor does the fact that the victim was shown a photographic display at sometime prior to the lineup require suppression of the identification at the lineup. Id.

2. In his second enumeration of error, appellant complains of a

failure to require the state to produce a photograph made of the lineup. The record shows that the trial court did direct the state to produce the photograph at trial. However, the officer who had originally mentioned the photograph at an earlier hearing testified at trial that the "negative did not come out." Appellant did not challenge that statement at trial and presented no evidence to counter that testimony. The state cannot be compelled to produce evidence not in its possession. *Young v. State,* 146 Ga. App. 167 (2) (245 SE2d 866).

3. Appellant's third enumeration of error is that the trial court erred in failing to instruct the jury to disregard two references in the victim's testimony to a screwdriver. Appellant's argument is that the references to the screwdriver, allegedly found in the car occupied by appellant at the time of his arrest, implied that appellant was guilty of another crime than that for which he was being tried. We find appellant's argument on this issue patently nonmeritorious.

First, the indictment in the record does not show that appellant was ever charged with possession of tools for the commission of a crime, the other offense to which appellant contends the screwdriver references alluded. Second, the references to the screwdriver, though clearly irrelevant, could in no wise be interpreted as an implication that appellant committed another crime.

4. During the tendering of evidence by the prosecuting attorney, defense counsel requested that the jury be sent out so that certain objections could then be argued. The prosecuting attorney objected to the jury being sent out. After they were sent out over the assistant district attorney's objection, the trial judge rebuked the prosecuting attorney, but denied defense counsel's motion for mistrial. In light of the fact that no request for curative instructions was made and considering the broad discretion given trial courts in these matters (*Benefield v. State,* 140 Ga. App. 727 (3) (232 SE2d 89)), we find no error in the trial court's treatment of this situation.

5. The police officer who conducted the lineup testified that appellant made a spontaneous incriminating statement after the lineup. The statement, according to the officer, was not elicited through any questioning of appellant by anyone. Appellant's version of the events conflicts sharply with the officer's. The trial court ruled the statement admissible as a spontaneous voluntary statement. That ruling being supported by evidence and not clearly erroneous, we are bound to accept it. *Miller v. State,* 162 Ga. App. 730 (6) (292 SE2d 102).

6. The trial of this case was recessed for the day at the close of all the evidence. The trial court announced that the trial would recommence the next morning. When the time came for the trial to

begin again, appellant was not present. His bond was forfeited and, with the agreement of defense counsel, the trial continued in appellant's absence, an absence which lasted some six years. Appellant's enumerations of error contending that the trial court erred in proceeding in appellant's absence are controlled adversely to him by *Byrd v. Ricketts,* 233 Ga. 779 (213 SE2d 610).

7. In another enumeration of error involving his absence from the trial, appellant argues that the trial court should not have permitted the state to suggest in argument to the jury that an inference of guilt might be drawn from appellant's failure to return for the conclusion of his trial. In *Carruth v. State,* 155 Ga. App. 666 (1) (272 SE2d 531), we ruled that such comment by the prosecuting attorney was not improper.

8. The prosecuting attorney read to the court part of the law of conspiracy which appellant concedes would have been proper in jury instructions by the court. However, argues appellant, for the prosecutor to read the law on that subject amounted to a usurpation of the court's duties, an invasion of the province of the trial judge. That argument is without merit in light of the holding in *Goodrum v. State,* 240 Ga. 678 (3) (242 SE2d 158).

9. Included in the jury instruction on alibi was the statement that ". . . the defendant in this case has set up an alibi as a defense in this case." Appellant now contends that the words "set up" implied to the jury that the defense was questionable and, therefore, constituted an expression of opinion by the trial judge. We disagree. It is abundantly clear from the context that the phrase was used in the sense that is expressed in the definition given by Black's Law Dictionary 1537 (Rev. 4th Ed.): "To bring forward or allege, as something relied upon or deemed sufficient; to propose or interpose, by way of defense, explanation, or justification; as, to set up the statute of limitations, i.e., offer and rely upon it as a defense to a claim." There was no error in the charge.

10. Appellant's attempt to amend his enumerations of error well after the time for filing them is forbidden by *Burke v. State,* 153 Ga. App. 769 (7) (266 SE2d 549).

*Judgment affirmed. Quillian, P. J., and Carley, J., concur.*

DECIDED MARCH 2, 1983.

Fred Cornell, *pro se.*

Lewis R. Slaton, District Attorney, Joseph J. Drolet, Benjamin H. Oehlert III, Assistant District Attorneys, for appellee.