A08A0726. HILLS v. THE STATE.
(663 SE2d 265)

JOHNSON, Presiding Judge.

During a routine license check, Raymond Hills smelled of alcohol, slurred his words, and performed poorly on field sobriety evaluations. An officer placed him under arrest for driving while intoxicated. Hills submitted to a breath test on the Intoxilyzer 5000, but did not request his own independent test. The Intoxilyzer test result showed a positive result for an alcohol content above the per se limit. Subsequently, Hills filed a motion for discovery of the "source code" used to program the Intoxilyzer 5000.[1] The trial court denied the motion. Because admission of the source code has not previously been addressed by this Court, we granted Hills' request for interlocutory review. After reviewing the record before us and all statutory and case law relevant to this issue, we hold that source codes for the Intoxilyzer 5000 are not discoverable and affirm the trial court's order.

Pretermitting whether the Intoxilyzer source code is a scientific report as defined in OCGA § 17-16-23, before discovery will be ordered, the defendant must make a prima facie showing that the requested evidence is within the possession, custody or control of the state.[2] The state is only required to produce "written scientific reports in the possession of the prosecution."[3] Here, the trial court concluded that "the State does not possess or control the 'source code' and the 'source code' is not available to the State." Based on the evidence in the record, we must agree. Hills offered no evidence that the Intoxilyzer software was created for the state or that the state owned the code. Nor did he provide evidence that the state was otherwise in possession or control of the computer code. Because Hills failed to meet his prima facie burden of showing the state had possession, custody or control of the source code, the trial court did

---

[1] Source codes are the computer instructions followed by a computing device in processing information.

[2] See OCGA §§ 17-16-1 (1), 17-16-23 (b); see also *Xulu v. State*, 256 Ga. App. 272, 273 (2) (568 SE2d 74) (2002).

[3] OCGA § 17-16-23 (b).

not abuse its discretion[4] by denying his discovery motion.

Contrary to Hills' argument, *In re Commr. of Public Safety*[5] does not require a different result. First of all, we are not bound by decisions in other states. Most importantly, however, the Minnesota court held that the source code for operation of the Intoxilyzer 5000 was discoverable because the state owned a portion of the source code.[6] While not dispositive, other states have decided, as we do in this case, that the defendant was not entitled to the Intoxilyzer 5000 source code because the state did not possess or control it.[7]

Hills also enumerates as error the trial court's failure to afford him a full and fair hearing on the issue of relevancy regarding the source code. However, Hills has failed to address this enumeration of error in his brief by argument or citation of authority. This enumeration of error is therefore deemed abandoned.[8]

*Judgment affirmed. Barnes, C. J., and Phipps, J., concur.*

DECIDED MAY 15, 2008 —
RECONSIDERATION DENIED JUNE 12, 2008.

*Head, Thomas, Webb & Willis, William C. Head, Thomas J. Thomas*, for appellant.

*Rosanna M. Szabo, Solicitor-General*, for appellee.

---

[4] See *Cottrell v. State*, 287 Ga. App. 89, 91 (1) (651 SE2d 444) (2007).

[5] 735 NW2d 706 (Minn. 2007).

[6] Id. at 709-710.

[7] See *City of Fargo v. Levine*, 747 NW2d 130 (N.D. 2008); *State v. Cialino*, 831 NYS2d 680, 681-682 (N.Y. Crim. Ct. 2007); *Moe v. State*, 944 S2d 1096, 1097 (Fla. App. 2006).

[8] Court of Appeals Rule 25 (c) (2) (i).