A09A1827. THE STATE v. SMILEY.
(689 SE2d 94)

MIKELL, Judge.

Sperlin Smiley was accused of driving under the influence (DUI) of alcohol to the extent it was less safe for him to drive, per se DUI, failure to maintain lane, and a seat belt violation. The trial court granted Smiley's motion to suppress the results of his state-admin-

---

[9] Id. at 534 (3).
[10] See *Frederick v. State*, 270 Ga. App. 397, 398 (606 SE2d 615) (2004).

istered breath test, ruling that the state had failed to comply with the court's previous order to produce documents requested by Smiley. The state appeals. We affirm.

The facts, as summarized in the trial court's order, follow:

[Smiley] was stopped by Officer Gilmore of the Atlanta Police Department on January 26, 2006[,] for a traffic violation and subsequently arrested for DUI. [Smiley] consented to a [state-administered] test of his breath under the Georgia Implied Consent Law. An adequate breath sample was obtained by Officer Gilmore on Intoxilyzer 5000 s/n 68-010751.

Prior to trial, Smiley filed an amended motion to suppress/motion in limine, in which he requested production of "full information" from the state under OCGA § 40-6-392 (a) (4), including the following items:

[(1)] all training materials utilized by the officer; [(2)] all training materials utilized by the Area Supervisor; [(3)] all training records for the Intox Operator in question; [(4)] all training records for the Area Supervisor in question; [(5)] copies of any studies, journal articles or other learned treatises relied upon by any experts called by the state on the Intox 5000 or utilized or referenced in training manuals utilized by operators or area supervisors; [(6)] all logs or other records maintain[ed] for the Intox 5000 in question for the past two years; [(7)] all maintenance logs for the Intox 5000 for the last 2 years; [(8)] all calibration records and test results for the last two years; [(9)] the owner's manual or operator's instructions for the Intox 5000 in question provided by CMI, Inc. or other applicable manufacturer, any and all software information including source code, software version on the arrest date, date of software version installation, date this version of the software was tested and approved by the [Division] of Forensic [Sciences] of the Georgia Bureau of Investigation; [(10)] and all maintenance, calibration, and test results stored in the software memory of the Intox 5000 as of the date of this motion.

After hearing argument of counsel, the trial court granted Smiley's motion and directed the state to produce to Smiley the "full information" requested, including but not limited to the items detailed above. The trial court further warned that a hearing would

be convened prior to trial if the state failed to comply with the court's order. The state filed a motion for reconsideration, arguing that it was not required to produce the requested information because it was not in its possession and misdemeanor discovery rules only require the state to produce those documents in its possession; the records sought are neither "scientific reports" nor are they included under the "full information" prong of OCGA § 40-6-392 (a) (4); and Smiley's right to confrontation is not impacted because a breath test is not testimonial hearsay. The state further argued that the source code, schematics, and service manuals for the Intox 5000 are retained by the manufacturer of the machine and, therefore, are not in the state's possession. The trial court denied the motion, citing *Cottrell v. State*,[1] in which we held that the full information requested by the defendant pursuant to OCGA § 40-6-392 (a) (4), including source codes for the Intox 5000, were not discoverable because the defendant failed to show their relevance.[2] The trial court subsequently granted the state's motion for reconsideration, vacated all its prior orders, and directed the parties to file briefs in light of this Court's decision in *Hills v. State*,[3] in which we held that source codes for the Intox 5000 were not discoverable because the defendant failed to meet his prima facie burden of showing that the state had possession or control of the codes.[4] The trial court then issued an order, finding *Hills* distinguishable and granting Smiley's motion to suppress/motion in limine for the reasons set forth in its original order. Shortly thereafter, the trial court granted Smiley's motion to suppress, finding that the state had produced the Intox 5000 breath test result strip, but refused to produce the other items as previously ordered. The trial court also ruled that the information requested has been shown by Smiley to be relevant and that "the [s]tate's argument that it does not possess the documents is not persuasive." The state appeals this ruling, arguing, inter alia, that the requested items are not required by law to be produced. Pretermitting whether the requested items are required by law to be produced, we find no error in the trial court's grant of the motion to suppress.

> At a hearing on a motion to suppress, the trial judge sits as the trier of fact. And Georgia law has long held that the trier of fact may believe or disbelieve all or any part of the testimony of any witness. Thus, on appellate review of a

---

[1] 287 Ga. App. 89 (651 SE2d 444) (2007).

[2] Id. at 91 (1).

[3] 291 Ga. App. 873 (663 SE2d 265) (2008).

[4] Id.

trial court's order on a motion to suppress evidence, we never second-guess the trial court's factual findings where they are based on testimonial evidence. We construe the evidence most favorably to the upholding of the trial court's findings and judgment and affirm unless the court has committed an error of law.[5]

"Further, we must assume, absent the availability to us of whatever material the court considered while hearing evidence on the motion, that the court properly exercised its judgment and discretion in [ruling on a] defendant's motion to suppress."[6] OCGA § 40-6-392 (a) (4), which applies to alcohol testing, requires that the state provide "full information concerning the test or tests [taken]." In *Cottrell*,[7] this Court noted:

OCGA § 40-6-392 (a) (4) expanded previous discovery procedures which allowed discovery only of written scientific reports, and is consistent with the broad right of cross-examination embodied in OCGA § 24-9-64. Thus, as a general rule, a defendant now has the right to subpoena memos, notes, graphs, computer printouts, and other data relied upon by a state crime lab chemist in obtaining gas chromatography test results. A request directed to the state is also sufficient to require production of the information.[8]

While a defendant must show that the requested information is relevant, the state is not obligated to produce information that is not within its possession, custody or control.[9] Here, the trial court found that the requested materials were relevant and within the possession, custody or control of the state, and ordered the state to produce them. When the state failed to comply with the trial court's order, the trial court granted Smiley's motion to suppress the results of the breath test. In *Birdsall v. State*,[10] we noted that unlike OCGA § 17-16-23, OCGA § 40-6-392 (a) (4) specifies no penalty for the state's noncompliance with discovery:

We do not agree with [the defendant] that the penalty should necessarily be exclusion of the printout and any oral

---

[5] (Punctuation and footnotes omitted.) *State v. Rowell*, 299 Ga. App. 238, 238-239 (682 SE2d 343) (2009).

[6] (Citations and punctuation omitted.) *Rutledge v. State*, 224 Ga. App. 666, 669 (2) (482 SE2d 403) (1997).

[7] Supra.

[8] (Punctuation and footnotes omitted.) Id. at 90-91 (1).

[9] *Hills*, supra; *Cottrell*, supra at 91 (1).

[10] 254 Ga. App. 555 (562 SE2d 841) (2002).

testimony based on the test results, which were, in turn, based on the printout. On the other hand, exclusion of the printout, and the resulting test results and oral testimony, might be very appropriate upon a showing of bad faith, or upon a showing of a failure to obey an order requiring production.[11]

In this case, the record reflects that the state disobeyed a discovery order. Moreover, without a transcript of the motion hearing, we must presume that the trial court found evidence of bad faith on the part of the state in not producing the requested information. Accordingly, we are unable to conclude that the trial court abused its discretion in suppressing the results of the breath test.

*Judgment affirmed. Ellington, J., concurs. Johnson, P. J., concurs specially.*

JOHNSON, Presiding Judge, concurring specially.

I am constrained to agree with the majority opinion not because I find the trial court rendered a correct ruling, but because the state failed to provide a proper record to enable this Court to review the trial court's ruling.

As the majority points out, we must construe the record most favorably to uphold the trial court's findings and judgments, and the applicable standard of review does not allow us to second-guess the trial court's factual findings where they are based on testimonial evidence. This is especially true when the appellant's assertion of error requires consideration of the evidence presented to the trial court. Here, each of the trial court's orders recites that the trial court considered, inter alia, "evidence of the parties," yet the appellant fails to file a transcript of the various hearings or attempt to reconstruct the proceedings in accordance with OCGA § 5-6-41 (g) and (i). When a transcript of the evidence is necessary, as it is here, and the appellant omits it from the record or fails to submit a statutorily authorized substitute, we must assume that the trial court properly exercised its judgment and discretion and that the evidence supported the trial court's decision.[12]

That being said, I would like to point out that there were errors in the trial court's legal analysis. First, the trial court incorrectly

---

[11] (Footnote omitted.) Id. at 558-559. Compare *Rosas v. State*, 276 Ga. App. 513, 518 (2) (624 SE2d 142) (2005), citing OCGA § 17-16-6 (sanctions for failure to comply with Criminal Procedure Discovery Act appropriate if both prejudice to the defendant and bad faith by the state are shown).

[12] See *Rutledge v. State*, 224 Ga. App. 666, 669 (2) (482 SE2d 403) (1997).

ruled that *Hills v. State*[13] did not apply because Smiley requested the source codes under OCGA § 40-6-392 (a) (4), rather than under OCGA § 17-16-23. According to the trial court, OCGA § 40-6-392 (a) (4) mandates that "full information concerning the test or tests shall be made available" and does not require the information to be in the custody or possession of the state. This has never been the law. As the majority opinion correctly holds, it is well established that the state cannot be compelled to produce items which are not in its possession.[14] "[W]hile a motion to produce may be filed and served on the state, such a motion will not reach material which is not in the state's possession."[15] The use of the term "full information" elsewhere in the Code does not compel us to deviate from settled law. Nonetheless, despite this error, the lack of a transcript or other evidence in record compels us to find that the trial court must have ascertained from proper evidence that the source codes and other items requested were both relevant and were in the state's possession, custody, or control. The trial court specifically noted in its order: "the State's argument that it does not possess the documents is not persuasive." This statement is ambiguous. It could be, and in the absence of a proper record probably must be, interpreted as a factual finding that the source codes and other requested documents were in the state's possession and control, however unlikely that may be. The statement could also be interpreted, in light of other legal conclusions drawn by the learned trial judge, as a legal conclusion that the state was required to produce the items regardless of whether they were in the state's possession or control, where the state correctly argued it was not required to produce requested items which were not within its possession.

Second, it appears from the record that the trial court improperly shifted the burden of proof to the state in this case. We have previously found that before discovery will be ordered, the defendant must make a prima facie showing that the requested material is within the possession, custody, or control of the state.[16] Here, it appears that the trial court required the state to prove that it did not have possession, custody, or control of the source codes. However, once again, due to the lack of a transcript or admissions in the record to the contrary, we must presume that the trial court properly decided the issue.

It is important to note that the ruling in this case does not affect

[13] 291 Ga. App. 873 (663 SE2d 265) (2008).

[14] See *Cornell v. State*, 165 Ga. App. 594, 595 (2) (302 SE2d 133) (1983).

[15] *Young v. State*, 146 Ga. App. 167, 168 (2) (245 SE2d 866) (1978); see also *Shults v. State*, 195 Ga. App. 525, 528 (2) (394 SE2d 573) (1990).

[16] See *Mathis v. State*, 298 Ga. App. 817, 819 (2) (681 SE2d 179) (2009); *Hills,* supra.

our decisions in *Hills* and *Mathis*. Our hands are simply tied in this case due to the state's failure to provide us with a record sufficient to enable us to review the trial court's decision.

DECIDED DECEMBER 22, 2009.

*Carmen D. Smith, Solicitor-General, R. Leon Benham, Assistant Solicitor-General*, for appellant.
*George C. Creal, Jr.*, for appellee.