**SECOND DIVISION**
**BARNES, P. J.,**
**MILLER, and RAY, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**March 13, 2014**

# In the Court of Appeals of Georgia

A13A2100. PARKER v. THE STATE.

BARNES, Presiding Judge.

Jason Brent Parker was charged with speeding and driving under the influence with a blood-alcohol level greater than 0.08 percent, and moved for a certificate of materiality under the Uniform Act to Secure the Attendance of Witnesses from Without the State, OCGA §§ 24-13-90 et seq. Parker sought to obtain from an out-of-state witness testimony regarding the source code for the Intoxilyzer 5000,[1] the device that was used to test his blood-alcohol content. The trial court denied the motion, finding that Parker's evidence was hearsay and that he failed to prove that the witness whose attendance he sought to compel was material. Parker waived his right to a jury trial and the parties submitted stipulated facts to the trial court, which found Parker

---

[1] "The 'source code' consists of human-readable programming instructions that play a role in controlling the internal calibration of the Intoxilyzer 5000 machine." *Cronkite v. State*, 293 Ga. 476, 477, n. 2 (745 SE2d 591) (2013).

guilty as charged. Parker appeals his conviction, asserting that the trial court erred in denying his request for a certificate of materiality seeking the Intoxilyzer 5000 source code. For the reasons that follow, we affirm.

Parker enumerates five errors, all relating to the trial court's denial of his request for a certificate of materiality. He argues that the trial court (1) erred in excluding as hearsay the evidence he proffered at the motion hearing; (2) erred in holding that his evidence failed to show a logical connection to facts indicating an error in the test results; and (3) violated his state and federal constitutional rights to due process, compulsory process, and a fair trial. Parker also asserts (4) that federal courts have held that defendants are entitled to access to the source code of computer software to determine its reliability; and (5) that because the source code is relevant and the State has it in its possession, custody, or control, the State is required to disclose it under the discovery provisions of OCGA § 17-16-1 and 40-6-392 (a) (4). In response to Parker's first four enumerations, the State argues that the trial court properly exercised its discretion in denying the motion, and contends that no facts in the record support Parker's last enumeration.

As stipulated by the parties, a Georgia State Patrol trooper stopped Parker for traveling 72 in a 55 mph zone at around 9:30 p.m. The trooper smelled alcohol

coming from the car and from Parker, and Parker admitted having drunk alcohol earlier that day at the Masters Tournament. Parker showed signs of impairment during field sobriety tests, was placed under arrest, and took breath tests on the Intoxilyzer 5000 that registered a 0.157 and 0.158 blood alcohol content.

Parker filed a motion seeking an out-of-state subpoena for agents of CMI, Inc., which manufactures the Intoxilyzer 5000, ultimately seeking the production of the machine's source code for purposes of forensic analysis. The Uniform Act to Secure the Attendance of Witnesses from Without the State ("the Act") "is the statutory means by which a witness living in a state other than Georgia can be compelled to attend and testify at a criminal proceeding in Georgia," and the Act authorizes the issuance of a summons requiring the witness to bring documents with him. *Davenport v. State*, 289 Ga. 399, 400 (711 SE2d 699) (2011). In considering such a motion, the trial court must determine if the out-of-state witness is "material" and if that state has a similar law under which Georgia residents might be compelled to attend a proceeding in that state. Id. If so, the Georgia trial judge may issue a certificate that is presented to a judge of a court of record in the state where the witness is located. Id. at 401. The out-of-state judge then determines whether the witness is material and necessary to the Georgia criminal proceeding, among other things. Id.

Our Supreme Court has defined a "material witness" as "'witness who can testify about matters having some logical connection with the consequential facts, esp. if few others, if any, know about these matters.' Black's Law Dictionary (8th ed. 2004)." (Citation and punctuation omitted.) *Davenport*, 289 Ga. at 404. To establish that "the out-of-state witness who was to provide testimony regarding the source code was a 'material witness'" in a case such as this one, the movant must "show that the witness' testimony regarding the source code bore a logical connection to facts supporting the existence of an error in his breath test results," as opposed to an error in the code itself. *Cronkite*, 293 Ga. at 478. (Emphasis omitted.)

In this case, Parker argued in his motion that the blood alcohol content number generated by the machine was sufficient evidence to convict him of DUI per se, and that he was unable to challenge the machine's reliability and accuracy without access to the source code. At the hearing, Parker proffered a transcript of his expert witness's testimony from another proceeding, as well as two affidavits by that expert and three scholarly articles. The State objected to the proffer, arguing that it was hearsay, and that under OCGA § 24-1-2 (b), the rules of evidence applied to this hearing. The trial court agreed, observing that if it allowed "everything to be presented by proffer which is not agreed upon by stipulation, then there would never be a need for a hearing,

4

ever, to determine whether [the witness was] material." In its order denying the motion, the court found that the proffered exhibits were hearsay, "and without an opportunity to cross examine the expert witness or the authors of the proffered articles the State would not be able to properly present an opposing legal argument."

Parker analogizes the requirements for obtaining a continuance in the absence of a subpoenaed witness with the requirements for obtaining a certificate of materiality to secure the attendance of an out-of-state witness. In the former situation, OCGA § 17-8-25 lists the requirements for obtaining the continuance, which include a showing that the witness was under subpoena, that his testimony would be material, and the facts expected to be proved by the absent witness. See *Arnold v. State*, 228 Ga. App. 137, 138 (491 SE2d 205) (1997). In *Arnold*, we addressed continuances under OCGA § 17-8-25 and held that a trial counsel's proffer as to the absent witness's materiality was sufficient, absent a counter-showing by the State. Id. Parker argues that a proffer should also be sufficient to establish the materiality of a witness in a hearing seeking a certificate of materiality to secure the attendance of an out-of-state witness. But a motion for continuance is not "a fact-finding proceeding" under OCGA § 24-1-2 (b) to which the rules of evidence apply; it is a criminal procedure motion under OCGA § 17-8-25.

5

Because Parker presented no admissible evidence during the hearing on his motion seeking a Certificate of Materiality, the trial court did not err in denying the motion.

2. Parker also argues that the State has the source code in its possession, custody, or control, and he should be able to acquire it through an out-of-state subpoena under both OCGA §§ 17-16-23 and 40-6-392, citing *State v. Smiley*, 301 Ga. App. 778 (689 SE2d 94) (2009). *Smiley*, however, is not binding precedent but rather is physical precedent only. See Court of Appeals Rule 33 (a). Furthermore, that case explicitly did not address whether the State was obliged to produce the source code, noting that "the [S]tate is not obligated to produce information that is not within its possession, custody or control." Id. at 780. Instead, absent a transcript of the evidentiary hearing on the motion to suppress, we were obliged to assume that the court properly exercised its judgment and discretion in granting the motion and suppressing evidence in light of a bad faith discovery violation by the State. Id. at 781. We have held that a trial court did not abuse its discretion in denying a defendant's motion seeking discovery of the source code when the defendant failed to provide evidence that the State owned, possessed or controlled it. *Hills v. State*, 291 Ga. App. 873 (663 SE2d 265) (2008).

6

In his argument, Parker includes no citations to the record to support his factual contention that "CMI has been acting as an arm of law-enforcement," that "CMI is the exclusive provider of the Intoxilyzer; the only breath-testing machine used by Georgia law enforcement," that "CMI and the State of Georgia have jointly fought to restrict access to the Intoxilyzer source code," and that the State and the private company are joint participants in an enterprise. Accordingly, we do not address his argument that CMI's actions should be imputed to the State under the Public Function Test, under which "the actions of private parties are imputed to the State where the functions are 'traditionally the exclusive prerogative of the [S]tate.' *Willis v. Univ. Health Svcs.*, 993 F.2d 837, 840-841 (11th Cir. 1993)."

*Judgment affirmed. Miller and Ray, JJ., concur.*