**FIFTH DIVISION**
**MCFADDEN, C. J.,**
**MCMILLIAN, P. J., and SENIOR APPELLATE JUDGE PHIPPS**

NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**September 12, 2019**

# In the Court of Appeals of Georgia

A19A1028. TURNER v. THE STATE.                                    PH-033C

PHIPPS, Senior Appellate Judge.

On appeal from his conviction after a bench trial for driving under the influence of alcohol (DUI) and without a license, Greg Turner argues that the trial court erred when it denied his motion to suppress the results of tests performed during a roadblock. We find no error and affirm.

As recently clarified by the Supreme Court of Georgia in *McCoy v. State*, 303 Ga. 551 (814 SE2d 319) (2018), in order to prove that the seizure of a motorist is constitutional, the State is required to show "five minimum requirements" as to the roadblock at which the motorist was stopped. (Citation and punctuation omitted). Id. at 553. The first four factors appear as follows in *Brown v. State*, 293 Ga. 787 (750 SE2d 148) (2013):

"A roadblock is satisfactory where [1] the decision to implement the roadblock was made by supervisory personnel rather than the officers in the field; [2] all vehicles are stopped as opposed to random vehicle stops; [3] the delay to motorists is minimal; [and] [4] the roadblock operation is well identified as a police checkpoint. . . . "

*McCoy*, 303 Ga. at 553, quoting *Brown*, 293 Ga. at 793 (2) (b). The State need no longer show, however, that "the screening officer's training and experience is sufficient to qualify him to make an initial determination as to which motorists should be given field tests for intoxication[.]" (Punctuation omitted.) *McCoy*, 303 Ga. at 553, quoting *Brown*, 293 Ga. at 793 (2) (b). Rather, the State is now required to show only that "the screening officer had reasonable, articulable suspicion to refer the defendant for further detention and field tests." (Footnote omitted.) *McCoy*, 303 Ga. at 556. We must defer to the trial court's factual findings on these matters if they are "supported by some evidence" and are therefore "not clearly erroneous[.]" *Brown*, 293 Ga. at 788.

Thus viewed in favor of the judgment, the record shows that at 3:00 p.m. on Spetember 3, 2016, Corporal Matt Baxley of the Georgia State Patrol authorized a checkpoint on Lavonia Highway in Hart County. According to the approval form signed by Baxley, the purposes of the checkpoint included driver's license, insurance

and registration verification; seatbelt compliance; driver impairment checks; and vehicle fitness and safety compliance. The checkpoint began at 7:47 p.m. that evening but was suspended at one point for approximately ten minutes due to high traffic volume. Seven officers, including Baxley and Trooper William Jordan, were present during the checkpoint.

At some unspecified time after the checkpoint began, Turner pulled up to the checkpoint on his motorcycle. One of the officers smelled alcohol and requested a breath test. When that test returned a positive result, the officers asked Turner to pull into a nearby parking lot and administered a horizontal gaze nystagmus (HGN) test there. When the test yielded six out of six clues for intoxication, Turner became "belligerent," refused further field tests, and asked for a blood test, at which point he was arrested for DUI and read the implied consent notice. A sample taken soon afterward showed a blood alcohol level of 0.143.

After Turner was charged with less-safe and per se DUI, as well as driving without a license, he filed a motion to suppress the results of the tests performed at and after the checkpoint. After a hearing, the trial court denied the motion, finding that based on all the evidence, including the testimony of Officer Jordan, the decision to implement the checkpoint was made by a supervisory officer, all vehicles had been

3

stopped during it, and the screening officer's training and experience qualified him to make an initial determination to detain Turner for field tests. Turner's application for interlocutory review was denied. After a bench trial, Turner was convicted of DUI per se and driving without a license and sentenced to 12 months probation. This appeal followed.

1. On appeal, as below, Turner asserts that the checkpoint was not legal because the evidence did not support the trial court's findings that (a) Corporal Baxley authorized the checkpoint, (b) all vehicles were stopped at the checkpoint, and (c) police were authorized to detain Turner for field tests. We disagree.

(a) Although Turner objects to Baxley's absence from the hearing on his motion to suppress, he has cited no authority for the proposition that the supervising officer must testify as to his status at such a hearing. On the contrary, a trial court is bound to consider all evidence concerning a document's admissibility, including that introduced over a hearsay objection, because such evidence is always admissible at such a hearing. *Parker v. State*, 296 Ga. 586, 596 (3), (4) (769 SE2d 329) (2015) (a trial court erred in failing to consider documentation concerning the qualifications of a witness offered at a suppression hearing because OCGA § 24-1-104 (c) provides that the rules of evidence do not apply to such proceedings); *Daniel v. State*, 298 Ga.

4

App. 245, 248 (3) (679 SE2d 811) (2009) (hearsay is admissible at a suppression hearing, and "the right to confront [a witness] does not apply" there).

The approval form introduced into evidence at the hearing on Turner's motion to suppress, which was signed by Corporal Baxley, stated that he "serve[d] in a supervisory capacity and [was] authorized to direct and establish lawful roadblocks." Trooper Jordan's testimony was to the same effect. This evidence was sufficient to authorize the trial court to conclude that Corporal Baxley was authorized to set up the roadblock at issue, and Turner has cited no authority for his suggestion that Corporal Baxley was obligated to hold a briefing before implementing the roadblock.

(b) Although Turner suggests that the roadblock was illegal because it was suspended for a short time at some point, the trial court was entitled to conclude that, as Trooper Jordan testified, and as the final report stated, all vehicles were actually stopped during the periods when the roadblock was staffed and operating.

(c) Even assuming that Turner has not waived the fifth *McCoy* factor on appeal, Turner's positive breath test, taken with the odor of alcohol at the scene, gave the officers reasonable and articulable suspicion to detain him for further field tests. See *Lenhardt v. State*, 271 Ga. App. 453, 454 (1) (610 SE2d 86) (2005) (positive alco-sensor test "can be used as an initial screening device to aid police in

5

determining whether probable cause exists to arrest a motorist suspected of driving under the influence of alcohol") (footnote omitted).

2. Given that the trial court did not err when it denied Turner's motion to suppress, we conclude that the evidence of Turner's intoxication, as stipulated at the bench trial, sufficed to sustain his conviction for DUI per se. OCGA § 40-6-391 (a) (5) (defining DUI per se as driving with blood alcohol concentration of 0.08 grams or more at any time within three hours after such driving); *Miller v. State*, 307 Ga. App. 701, 703-704 (1) (706 SE2d 94) (2011).

*Judgment affirmed. McFadden, C. J., and McMillian, P. J., concur.*